# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>    Plaintiff,<br><br>v.<br><br>ROBIN ALI d/b/a SHOP N SAVE,<br><br>    Defendant.<br>_____/ | Case No. 1:16-cv-00694-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART**<br><br>(Doc. No. 17)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

On October 7, 2016, Plaintiff Jose Trujillo ("Plaintiff") filed a motion for default judgment against Defendant Robin Ali d/b/a Shop N Save ("Defendant"). No opposition to Plaintiff's motion was filed. The Court has reviewed the motion and supporting documentation and determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g). As such, the hearing on the motion was vacated. (Doc. 18.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED IN PART in the amount of $2,227.95.

## II.  FACTUAL BACKGROUND

On May 17, 2016, Plaintiff filed a complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the California Unruh Act, California Civil Code § 51 *et seq.*; and California Health & Safety Code §§ 19955, 19959.  (Doc. 1.)  The complaint seeks an award of statutory damages, prejudgment interest on the damages, costs of suit, attorney's fees, and injunctive relief.  *Id.*  Plaintiff alleges that he requires the use of a wheelchair or cane for mobility (Doc. 1, ¶ 8), and the property that is the subject of this suit, Shop N Save (the "Property"), presents numerous architectural barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility (Doc. 1, ¶ 10).

Defendants Lakhwinder Singh Lakha and Manjit Kaur (collectively "Messrs. Lahka and Kaur"), Trustees of the 2015 Lakha-Kaur Family Trust, were served with the Complaint on July 8, 2016.  (Docs. 6 & 7), and default was entered against Messrs. Lakha and Kaur on August 5, 2016.  (Docs. 10 & 11.)  Messrs. Lakha and Kaur were dismissed from the case on September 9, 2016.  (*See* Doc. 14.)

Defendant Robin Ali d/b/a Shop N Save ("Defendant") was served with the complaint on June 4, 2016.  (Doc. 4).  Despite having stipulated to an enlargement of the time in which to respond (Doc. 5), Defendant did not file a responsive pleading.  (*See* Docket.)  Plaintiff requested the Clerk of Court to enter default against Defendant on August 4, 2016, which was entered on August 5, 2016.  (Doc. 9.)

On October 7, 2016, Plaintiff filed a motion for default judgment against Defendant, which is currently pending before the Court.  (Doc. 17.)

## III.  DISCUSSION

**A.   Legal Standard**

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a).  It is within the sole discretion of the court as to whether default judgment should be entered.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A defendant's default by itself does not entitle a plaintiff to a court-ordered

judgment. *See id.* Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc.*, 826 F.2d at 917.

**B.     Analysis**

    **1.     The *Eitel* Factors Weigh in Favor of Granting a Default Judgment**

        **a.     Prejudice to Plaintiff if Default Judgment is Not Granted**

If default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendant participates and makes an appearance in the litigation – which may never occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See, e.g., Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

//

//

//

### b. Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The next relevant *Eitel* factors include an evaluation of the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v.Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation. 42 U.S.C. § 12182(a). "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable." *Id*. at § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 945 (9th Cir. 2011) (en banc). Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v).

"To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

According to the complaint, Plaintiff "is substantially limited in his ability to walk," "uses a wheelchair or cane for mobility," and he is thus "physically disabled" as defined by the applicable California and federal laws. (Doc. 1, ¶ 8.) As a store, the Property is a facility of public accommodation, does not function as a residence, and its activity affects commerce. (Doc.

1, ¶ 9.) Plaintiff alleges that Defendant owns, operates, or leases the Property; thus, she is allegedly liable for the Property's compliance with the ADA. (Doc. 1, ¶ 7.)

Plaintiff visited the Property and alleges that Defendant failed to provide barrier-free access to the Property in the following ways: (1) the interior aisles lacked sufficient clear width; (2) the deli counter was too high and obstructed by furniture and other items; (3) the transaction counter was too high and obstructed by product displays; and (4) no accessible seating space. (Doc. 1, ¶ 10 (Plaintiff's settlement with Messrs. Lakha and Kaur included injunctive relief for the other claims alleged in the Complaint).)

Plaintiff alleges that the removal of these architectural barriers is readily achievable, or alternatively, the services could have been made available through alternative methods that were readily achievable. (Doc. 1, ¶¶ 21-22.) As these facts are taken as true regarding Defendant following its entry of default, Plaintiff has met his burden of stating a *prima facie* Title III discrimination claim.

Pursuant to the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code, § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in California on account of disability. Cal. Civ. Code, § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code, § 51(f). Here, Plaintiff alleges that Defendant denied him full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on his disability. (Doc. 1, ¶ 38.) Further, because Plaintiff's complaint properly alleges a prima facie claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

California Health and Safety Code, § 19955, mandates that all public accommodations constructed in California comply with the requirements of California Government Code, § 4450. Pursuant to Section 4450, "all buildings, structures, sidewalks, curbs, and related facilities, construed in this state by the use of state, county, or municipal funds, or the funds of any political

5

subdivision of the state shall be accessible to and usable by persons with disabilities." Cal. Gov. Code, § 4450(a).  Additionally, non-exempt public accommodations constructed prior to July 1, 1970, and later altered or structurally repaired, are required to comply with the same requirements of the California Health and Safety Code. Cal. Health & Safety Code, § 19959.

For purposes of pleading his claim, Plaintiff incorporates his prior allegations regarding the barriers he encountered at the Property (Doc. 1, ¶ 42), and further alleges that the Property is a public accommodation "constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the [Property] was not exempt under the Health and Safety Code § 19956" (Doc. 1, ¶ 45).  Although substantially boilerplate, this claim is sufficiently pled. *See Loskot v. D & K Spirits, LLC,* No. 2:10-cv-0684-WBS-DAD, 2011 WL 567364 at *3 (E.D. Cal. Feb. 15, 2011) (noting that, although "plaintiff's complaint is largely boilerplate, it is sufficient to support the requested relief" under the ADA for purposes of default judgment). *See also Gutierrez v. Leng*, No. 1:14-CV-01027-WBS, 2015 WL 1498813, at *4 (E.D. Cal. Mar. 31, 2015) (same).

While Plaintiff's allegations in his complaint are generic as to all defendants, and Defendant is the only defendant remaining, defendants are jointly and severally liable for ADA violations in any of these capacities. *See Botosan v. McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000).  Accordingly, Defendant alone may be held liable for Plaintiff's counsel's time, costs, and statutory damages.  The complaint sufficiently states Plaintiff's claim under Title III of the ADA, the Unruh Civil Rights Act, and California Health and Safety Code, § 19955, and there appears to be merit to the substantive allegations.  As such, these *Eitel* factors weigh in favor of default judgment.

        **c.    Sum of Money at Stake**

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of granting default judgment.  Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594-JSW, 2007 WL 1545173 at *12 (N.D. Cal. May 29, 2007).  Here, Plaintiff is seeking a default judgment in the amount of $4,956.50, which includes attorney's fees and costs.

This is not a relatively large sum of money, nor does it appear unreasonable, subject to the deductions set forth below.[1]

### d. Dispute Concerning Material Facts

With regard to this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917-18, and Defendant has submitted nothing to contradict the well-pled allegations in the complaint. Accordingly, this factor favors entry of default judgment.

### e. Default due to Excusable Neglect

Defendant failed to file a responsive pleading or oppose Plaintiff's motion for default judgment. The Court has no evidence before it establishing that Defendant's failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

### f. Strong Policy Favoring Decision on the Merits

This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed in consideration of the other applicable factors that weigh in favor of granting default judgment.

### 2. Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

### a. Injunctive Relief

Plaintiff's complaint and motion for default judgment seek an injunction requiring Defendant to make several changes and accommodations at the Property. (Doc. 1, ¶ 10; Doc. 17-1, 5:5-9). As the factual allegations in the complaint are taken as true, Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only

---

[1] Plaintiff requests statutory damages in the amount of $4,000.00 and attorney's fees and costs in the amount of $7,206.50, for a total of $11,206.50. (Doc. 17, 10:12-14). Plaintiff further requests that this amount be subject to an offset of $6,250.00, the amount received in settlement with Messrs. Lakha and Kaur. Thus, the net monetary award requested by Plaintiff is $4,956.50.

injunctive relief is available for violations of Title III.").

### b.     Statutory Damages

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). A violation of the ADA constitutes a violation of the Unruh Act. As such, Plaintiff asserts that he is entitled to $4,000 in statutory damages pursuant to the California Civil Code § 52(a). (Doc. 1, ¶ 40.)

Plaintiff has sufficiently alleged facts indicating that he visited the Property and encountered barriers that interfered with his ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property. (Doc. 1, ¶¶ 10-11.) Thus, Plaintiff is entitled to an award of $4,000 in statutory damages.

### c.     Attorney's Fees and Costs of Litigation

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may recover reasonable attorney's fees and costs, in the court's discretion. California Civil Code, § 55, also provides for attorney's fees and costs for obtaining injunctive relief; section 54.3 provides fees for recovery of damages to enforce the "full and equal access" guaranteed to disabled persons by Section 54.1.

Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Ferland v. Conrad Credit Corp*, 244 F.3d 1145, 1146-48 (9th Cir. 2001). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [*See D'Emanuele v. Montgomery Ward & Co.*, *Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990); *Hensley v. Eckerhart*, 461 U.S. 424,] 461 (1983)]. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433.

A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [Footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041,1045 (9th Cir. 2000).

Here, Plaintiff seeks an award of $7,206.50 for total billable time spent on the case as well as $1,395 for costs and litigation expenses. (Doc. 17-1, pp. 8-10.) Specifically, Plaintiff requests (1) $3,810.00 for 12.7 hours of work expended by Tanya Moore, Esq., at an hourly rate of $300; (2) $1,403.00 for 12.2 hours spent by paralegal Whitney Law at an hourly of $115; and (3) $437.00 for 4.6 hours spent by paralegal David Guthrie at an hourly rate of $95. (Doc. 17-1, p. 10.)

### (i) Ms. Moore's Time Expended and Hourly Rate

Regarding the number of hours expended by Ms. Moore, the Court finds that the amounts claimed by Plaintiff for certain tasks are reasonable; however, some of the time expended is unreasonable, duplicative, or inadequately documented and should be reduced.

Numerous entries throughout the billing statement reflect time spent reviewing communications to and from the Court:

| **Date** | **Activity** | **Time Spent** |
| --- | --- | --- |
| 05/17/2016 | Reviewed Summons and civil new case | 0.10 (6 minutes) |
| 05/17/2016 | Reviewed complaint | 0.10 (6 minutes) |

| | | |
|---|---|---|
| 06/10/2016 | Reviewed Summons | 0.10 (6 minutes) |
| 06/30/2016 | Reviewed Stipulation | 0.10 (6 minutes) |
| 07/12/2016 | Reviewed Summons | 0.10 (6 minutes) |
| 08/04/2016 | Reviewed Request | 0.10 (6 minutes) |
| 08/05/2016 | Reviewed Clerk's entry | 0.10 (6 minutes) |
| 08/05/2016 | Reviewed Clerk's entry | 0.10 (6 minutes) |
| 08/05/2016 | Reviewed Clerk's entry | 0.10 (6 minutes) |
| 08/10/2016 | Reviewed Request | 0.10 (6 minutes) |
| 08/11/2016 | Reviewed Order | 0.10 (6 minutes) |
| 09/09/2016 | Reviewed notice | 0.10 (6 minutes) |
| 09/20/2016 | Reviewed minute order | 0.10 (6 minutes) |

(Doc. 17-3, Exhibit B.)                                      **Total:       1.3 hours (78 min.)**

When considering the time entries in total, the amount of time spent essentially reviewing the docket is unreasonable, particularly given the substance of the communications and docket entries.

On August 4 and 5, 2016, Ms. Moore recorded 0.40 hours (24 minutes) reviewing entries on the Court's Electronic Case Filing (ECF) system consisting of the Request for Clerk to Enter Default filed by her office and the resultant entries of default by the Clerk. (Doc. 17-3, Exhibit B, p. 2 (four separate time entries); *see* Docs. 8-11.) Ms. Moore's time of 24 minutes for review of a document her office prepared and filed, and for reviewing the resulting ECF notes of those transactions, is excessive. *See Hensley*, 461 U.S. at 433-34 (hours requested may be reduced where expenditure of time deemed excessive, duplicative, or otherwise unnecessary).

On June 10, 2016, and July 12, 2016, Ms. Moore recorded 0.20 hours (12 minutes) reviewing the "Summons" for unidentified parties. (Doc. 17-3, Exhibit B, p. 1 (two separate time entries); *see* Docs. 4, 6-7.) On August 10 and 11, 2016, Ms. Moore recorded 0.20 hours (12 minutes) reviewing a request for continuance of the initial scheduling conference filed by her

10

office and the resultant 5-line minute order vacating and rescheduling the conference. (Doc. 17-3, Exhibit B, p. 2 (two separate time entries); *see* Docs. 12 & 13.) On September 9 and 20, 2016, Ms. Moore recorded 0.20 hours (12 minutes) reviewing the Notice of Voluntary Dismissal filed by her office dismissing Messrs. Lakha and Kaur and the resultant 4-line minute order directing the Clerk of Court to terminate those defendants. (Doc. 17-3, Exhibit B, p. 2 (two separate time entries); *see* Docs. 14 & 15.)

Reviewing the above-referenced documents should have taken only a few minutes, particularly considering Ms. Moore's office had already billed for preparing the documents, the subsequent billing to review the documents that had been filed and recording that time is excessive. While reviewing automatic emails showing the occurrence of docket activity and reviewing short Court orders does take time, billing judgment must be exercised in the accumulation of billing entries of this type. Based on the activities recorded in reviewing routine, simple documents, the Court finds that only 0.50 hours (30 minutes) of the time expended on these activities is reasonable; thus, a reduction of 0.50 hours is warranted.

Further, the Court finds that the number of hours Ms. Moore billed in this case is not reasonable given the nature of this case and Ms. Moore's experience in these types of actions. On May 11, 2016, Ms. Moore recorded 1.90 hours (114 minutes) preparing and finalizing the complaint, reviewing information gathered "during investigation," and instructing her paralegal regarding "communications with the client re verification of the draft" and "preparations of all required documents for filing." (Doc. 37-3, Exhibit B, p. 1.) Based upon the Court's familiarity with the actions filed by Ms. Moore's firm in this court, the Court is aware that this is basically a form complaint. The complaint filed in this action is nearly identical to complaints filed by Ms. Moore in dozens of other actions in this Court, with only the names of the parties and the allegations in paragraph ten changed to reflect the facts specific to this case. On May 11, 2016, paralegal Whitney Law also billed 0.50 hours drafting the complaint and reviewing supporting information. (Doc. 17-5, p. 1.) The Court finds that .5 hours of Ms. Moore's time is sufficient to draft the complaint, given the additional time spent by Ms. Law, and will therefore deduct 1.40 hours from Ms. Moore's time.

Finally, on October 7, 2016, Ms. Moore spent 2.5 hours (150 minutes) preparing the motion for default judgment. (Doc. 17-3, Exhibit B, p. 3.) Ms. Law reported spending a total of 4.2 hours (252 minutes) preparing the motion for entry of default judgment and supporting documents between October 5 and 7, 2014. (Doc. 17-5, pp. 2-3.) The motion for default judgment filed in this case is nearly identical to motions for default judgment filed by Ms. Moore in other actions before this Court. "Accordingly, the Court finds that one hour of Ms. Moore's time and one hour of Whitney Law's time is sufficient to prepare the motion." *Gutierrez v. Leng*, No. 1:14-CV-01027-WBS-SKO, 2015 WL 1498813, at *9 (E.D. Cal. Mar. 31, 2015) (quoting *Moore v. E-Z-N-Quick*, No. 1:13-cv-01522-LJO-SAB, 2014 WL 1665034 (E.D. Cal. Apr. 24, 2014)). The Court will therefore deduct 1.5 hours from Ms. Moore's time and 3.2 hours from Ms. Law's time.

With regard to the hourly rate to be charged, courts generally calculate these rates according to the prevailing market rates in the relevant legal community. *Blum*, 465 U.S. at 895. In general, courts use the rates of attorneys practicing in the forum district, here, the Eastern District of California, Fresno. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (1993); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). The fee applicant bears the burden of producing sufficient evidence that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

Plaintiff asserts that Ms. Moore specializes in representing plaintiffs in disability actions, and Ms. Moore's declaration states she has filed and successfully prosecuted over 1,000 civil rights actions, she has handled numerous litigation matters through trial, and has been practicing law for over fifteen years, of which seven has been spent specializing in disability access litigation . (Doc. 17-2, ¶¶ 7.) She usually bills at $400 per hour, but has reduced her hourly rate in this case to $300. (Docs. 17-1, 8:23-25; 17-2, ¶ 8.) Ms. Moore asserts an hourly rate of $300 has been found reasonable for Ms. Moore's work in other ADA cases in the Fresno division of this District, and should be awarded here. (Doc. 17-1, (8:19-23.) However, this Court, in a detailed opinion, previously deemed Ms. Moore's hourly rate of $300 unreasonably high and instead found that "an

hourly rate of $250, the rate fixed by the *Kalani* court, is appropriate to compensate Ms. Moore for her time expended in this litigation based on her level of civil rights experience and expertise in ADA litigation." *Moore v. Chase, Inc.*, No. 1:14-CV-01178-SKO, 2016 WL 3648949, at *3 (E.D. Cal. July 7, 2016) (citing *Kalani v. Statewide Petroleum, Inc.*, No. 2:13-cv-02287-KJM-AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 24, 2014)). Accordingly, it is recommended that Plaintiff be awarded the sum of $2,325.00 for work performed by Ms. Moore.[2]

### (iii) Paralegal Rate and Time Expended

Plaintiff seeks compensation for 12.2 hours expended by paralegal Whitney Law at $115 per hour, and 4.6 hours expended by paralegal David Guthrie at $95 per hour. (S*ee* Docs. 17-1, 8:26-9:4; 17-5; 17-6.) Plaintiff refers the Court to *Moore v. E-Z-N Quick*, 2014 WL 1665034, for the proposition that courts in this district have determined that $115 per hour to be a reasonable rate. However, as the Court previously found in *Moore v. Chase, Inc.*, the "prevailing hourly rates for paralegals in the Eastern District . . . [is] $75 per hour." 2016 WL 3648949, at *3. "The Court will therefore apply an hourly rate of $75 for the time expended by Plaintiff's paralegals." *Id.*

Regarding the number of hours expended by Ms. Law, the Court finds that the amounts claimed by Plaintiff for certain tasks are reasonable; however, some of the time expended is unreasonable, duplicative, or inadequately documented and should be reduced, as discussed above. Ms. Law's total hours are therefore reduced by 3.2 hours, for a total of 9.0 hours. The Court finds the numbers of hours expended by Mr. Guthrie are reasonable. Accordingly, the Court recommends Plaintiff be awarded 13.6 hours of paralegal time expended at an hourly rate of $75 (9.0 hours for Ms. Sacks and 4.6 hours for Mr. Guthrie), for a total of $1,020.00.

### (iv) Litigation Expenses and Costs

Plaintiff seeks to recover costs in the amount of $1,556.00. (Doc. 17-1, 9:5-6; Doc. 17-2, ¶¶ 12-14.) In Section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The statutory provisions of the ADA

---

[2] This amount consists of the amount of time billed by Ms. Moore (12.7 hours) minus the court recommended reduction in time spent reviewing the docket (.5 hours) and spent in excessive or duplicative tasks (2.9 hours), for an adjusted time of 9.3 hours multiplied by Ms. Moore's reduced hourly rate of $250 per hour.

provide direct authority for the award of expert witness fees as litigation expenses under the ADA. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee, costs of service, and a fee for a pre-filing site inspection of the Property, which are compensable pursuant to 42 U.S.C. § 12205 and *Lovell*. 303 F.3d at 1058.

Plaintiff has presented an invoice for the pre-filing site inspection totaling $985.00. (Doc. 17-3, Exhibit E.) Plaintiff's expert identified a total of seven alleged barriers to Plaintiff's full and equal access at the Property, as set forth in his Complaint. (*See* Doc. 1 at ¶ 10.) In Plaintiff's settlement with Messrs. Lakha and Kaur, he obtained injunctive relief for three of those claims alleged at ¶ 10(a)-(c), and seeks injunctive relief against Defendant for the remaining four claims. (Doc. 17-1, 6:9-7:9 and n.1.) Because the time spent inspecting and reporting on three of the seven alleged barriers did not contribute to Plaintiff's recovery from Defendant (*see* Doc. 17-1, 6:9-7:9 and n.1.), the amount awarded for the pre-filing inspection will be reduced accordingly. *See Martinez v. Longs Drug Stores, Inc.*, No. CIVS031843-DFL-CMK, 2005 WL 3287233 at *6 (E.D. Cal. Nov. 28, 2005). The recovery for four out of seven claims, or 57% of the total, yields an award of $561.45 for the pre-filing site inspection.

Plaintiff's overall litigation expenses and costs are compensable and should be awarded, subject to a $423.55 reduction to reflect the adjusted cost of the pre-filing site inspection. Accordingly, it is recommended that Plaintiff be awarded the sum of $1,132.95 for litigation expenses and costs.

### d. Joint and Several Liability

In general, under both federal and California state law, liability among defendants for a successful plaintiff's attorney's fees is generally joint and several. *Turner v. Dist. of Columbia Bd. of Elections & Ethics*, 354 F.3d 890 (D.C. Cir. 2004) (joint and several liability for attorney's fees awarded under 42 U.S.C. § 1988 for all non-fractionable claims against defendants); *Cal. Trout, Inc. v. Super. Ct.*, 218 Cal. App. 3d 187, 212 (1990) (awarding attorney's fees under Cal, Code of Civ. Proc., § 1021.5, noting that liability for the fees among defendants was joint and several); *Corder v. Gates*, 947 F.2d 374 (district court did not err in refusing to apportion attorney's fees among defendants in awarding fees under Section 1988).

Under the ADA, prohibitions against discrimination apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The express terms of the ADA hold a landlord and a tenant liable for noncompliance with the Act. *Botosan*, 216 F.3d at 832. In *Botosan*, the appellate court noted that the legislative history of the ADA supports this construction of the statute:

> This [provision] makes it clear that the owner of the building which houses the public accommodation, as well as the owner or operator of the public accommodation itself, has obligations under this Act. For example, if an office building contains a doctor's office, both the owner of the building and the doctor's office are required to make readily achievable alterations. It simply makes no practical sense to require the individual public accommodation, a doctor's office for example, to make readily achievable changes to the public accommodation without requiring the owner to make readily achievable changes to the primary entrance to the building.
>
> Similarly, a doorman or guard to an office building containing public accommodations would be required, if requested, to show a person who is blind to the elevator or to write a note to a person who is deaf regarding the floor number of a particular office.
>
> The amendment also clarifies that entities which lease public accommodations are covered by the requirements of this title.

*Botosan*, 216 F.3d at 832 (quoting H.R. Rep. No. 101-485(III), at 55-56 (1990), *reprinted in* 1990 U.S.C.C.A.N. 445, 478-79).

Here, Plaintiff asserts that Defendant and Messrs. Lakha and Kaur were in a landlord-tenant relationship. (Doc. 17-1, 1:11-14.) As such, liability for failure to comply with the ADA is joint and several. To the extent Defendants had an agreement to allocate responsibility for compliance with the lease – of which there is no evidence before the Court – each Defendant still remains responsible for ADA compliance. *Botosan*, 216 F.3d at 832-34. As Defendants are jointly and severally liable for damages and fees awarded under the ADA, it is appropriate to award damages and attorney's fees against Defendant despite that Messrs. Lakha and Kaur have settled separately with Plaintiff. Furthermore, no apportionment of the attorney's fees has been sought as Defendant has defaulted and has failed to oppose Plaintiff's motion for default judgment.

//

Additionally, courts have awarded attorney's fees against one defendant for plaintiff's counsel's time spent litigating against another defendant. *See Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1075 (N.D. Cal. 2010) (citing *Californians for Responsible Toxic Mgmt. v. Kizer*, 211 Cal. App. 3d 961, 979 (1989)). Thus, in recommending an award of attorney's fees against Defendant, the Court finds no basis to apportion the fees for Plaintiff's counsel's work spent litigating against Defendant only.

Finally, Plaintiff has requested that the damages and fees against Defendant be offset by the $6,250.00 settlement amount paid by Messrs. Lakha and Kaur. (*See* Doc. 17-1, 10:17-18.) Such an offset is appropriate where there is joint and several liability, and an offset of $6,250.00 is recommended. *See generally Velez v. Roche*, 335 F. Supp. 2d 1022, 1042-43 (N.D. Cal. 2004) (offset may be awarded where settlement and award against which offset is sought were (1) for the same injury and (2) the injury is indivisible such that there is joint and several liability among the settling and non-settling defendants) (citations omitted).

### e.  Conclusion

For the reasons set forth above, the Court recommends Plaintiff be awarded the following fees:

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Tanya Moore | $250 | 9.3 | $2,325.00 |
| Ms. Whitney Law | $75 | 9.0 | $675.00 |
| Mr. David Guthrie | $75 | 4.6 | $345.00 |
| | | **Total Fees** | $3,345.00 |

Additionally, Plaintiff should be awarded $1,132.95 for the costs of suit, and $4,000 in statutory damages. Plaintiff also requests that Defendant be granted an offset in the amount of $6,250. Thus, the total award of damages, fees, and costs (including the offset) recommended is $2,227.95.

### IV.  RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment should be GRANTED IN PART;

2. Judgment be entered in Plaintiff's favor and against Defendant Robin Ali d/b/a Shop N Save;

3. Plaintiff be awarded statutory damages in the amount of $4,000;

4. Plaintiff be awarded attorney's fees in the amount of $2,325.00 (9.3 hours at $250 per hour), paralegal fees in the amount of $1,020.00 (9.0 hours at $75 per hour and 4.6 hours at $75 per hour), and costs of suit in the amount of $1,132.95; and

5. Defendant Robin Ali d/b/a Shop N Save be awarded a $6,250.00 offset for the settlement amount paid by Messrs. Lakha and Kaur, for a net award of $2,227.95.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **November 23, 2016**                    /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE